**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| YOHONIA M. MARTIN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 2:11-CV-285-RWS |
| WELLS FARGO BANK, | : |
| | : |
| Defendant. | : |
| | : |

**ORDER**

Plaintiff Yohonia Martin, *pro se*, filed this action on October 13, 2011 against Wells Fargo Bank and requested that she be permitted to proceed *in forma pauperis*. On November 1, 2011, Magistrate Judge Susan S. Cole entered an order granting Plaintiff's Motion to Proceed In Forma Pauperis and directed the Clerk to assign the case for a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2)(B).

Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is

frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carrol v. Gross, 984 F.2d 393, 393 (11th Cir. 1993).

Plaintiff's Complaint must be dismissed as this Court lacks subject matter jurisdiction. In the absence of an express grant of statutory jurisdiction, original jurisdiction may be predicated upon the presence of either a federal question or diversity of citizenship. Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Here, Plaintiff predicates jurisdiction on diversity of citizenship as she is a Georgia resident and Defendant Wells Fargo is based in San Francisco. However, Plaintiff cannot satisfy the amount in controversy requirement of diversity jurisdiction. To allow for diversity jurisdiction, the amount in controversy must "exceed[] the sum of $75,000, exclusive of interest and costs." 28 U.S.C. §1332. The only damages Plaintiff seems to allege in her Complaint amount to $20,000, stemming from the loss of the balance of a bank account held by Defendant.[1] Compl. Dkt. No. [5] at 1. This amount falls

---

[1] Although Plaintiff appears to seek ten years of interest on the $20,000 lost balance, § 1332 requires the amount in controversy to exceed $75,000 "*exclusive of interest and costs*." 28 U.S.C. § 1332 (emphasis added). Even if Plaintiff could show

2

markedly short of the $75,000.01 required amount. Therefore, this Court cannot have diversity jurisdiction under § 1332.

Further, this Court cannot assume jurisdiction under 28 U.S.C. § 1331 as Plaintiff's Complaint presents no federal question. Plaintiff's Complaint specifically labels her cause of action as "negligence"—a state law claim. Compl. Dkt. No. [5]. Plaintiff has in no way identified a federal law that could be at issue in this case.[2]

Because the amount in controversy required for diversity jurisdiction is not satisfied, and Plaintiff offers no grounds as to why this case presents a federal question, this Court does not have jurisdiction over this matter and the action must be **DISMISSED, without prejudice**. The Clerk is directed to close this case. Plaintiff's Motion to Conference [6] is **DENIED, AS MOOT**.

---

an exceptionally strong rate of return on her $20,000 lost balance, acquired interest cannot allow a claim to meet the amount in controversy requirement.

[2] Although Plaintiff cites "Banks and Banking" for the nature of the suit on the Civil Cover Sheet, the only possible reason for this appears to be that the defendant in this action is a bank. Dkt. No. [1-1] at 2. No other possible justification is found in Plaintiff's Complaint.

3

**SO ORDERED**, this  14th  day of November, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE